MARK S. DAVIS 1442
DAVIS LEVIN LIVINGSTON GRANDE
400 Davis Levin Livingston Grande Place
851 Fort Street
Honolulu, HI 96813
Telephone : (808) 524-7500
Facsimile : (808) 545-7802
E-mail : mdavis@davislevin.com

TERRY O'REILLY [Pro Hac Vice]
STEPHEN J. PURTILL [Pro Hac Vice]
O'REILLY & DANKO
1900 O'Farrell Street, Suite 360
San Mateo, CA 94403
Telephone : (650) 358-5901
Facsimile : (650) 358-2575
E-mail : spurtill@oreillylaw.com

IN THE UNITED STATES DISTRICT COURT

DISTRICT OF HAWAII

| | |
|---|---|
| TINA HOLLIDAY, et al.<br><br>Plaintiffs,<br><br>vs.<br><br>EXTEX, et al.,<br><br>Defendants. | Case No.: CV 05-00194 SPK LEK<br>(Airplane Product Liability)<br><br>PLAINTIFF TINA HOLLIDAY, ET AL.'S OPPOSITION TO DEFENDANT ROLLS-ROYCE CORPORATION'S MOTION FOR RETURN OF PRIVILEGED DOCUMENTS AND MOTION FOR PROTECTIVE ORDER<br><br>Date: July 28, 2006<br>Time: 2:00 p.m.<br>Judge: Hon. Leslie Kobayashi |

| | |
|---|---|
| TIMOTHY HOLLIDAY, et al.,<br><br>Plaintiffs,<br><br>vs.<br><br>EXTEX, et al.,<br><br>Defendants. | Case No.: CV 05-00299 SPK LEK |
| MARLETTE E. THOMAS, et al.<br><br>Plaintiffs,<br><br>vs.<br><br>K & S HELICOPTERS, INC., et al.<br><br>Defendants. | Case No. CV 05-00319 DAE-LEK |

**PLAINTIFF TINA HOLLIDAY, ET AL.'S OPPOSITION TO DEFENDANT ROLLS-ROYCE CORPORATION'S MOTION FOR RETURN OF PRIVILEGED DOCUMENTS AND MOTION FOR PROTECTIVE ORDER**

**Return of Allegedly Privileged Documents**

Like a scene out of "Alice in Wonderland", Rolls Royce asks this court to order the return of documents 7252 through 7256, entitled DOCUMENT RETENTION POLICY OVERVIEW that specifically details the Rolls Royce document retention policy. The document is not on legal letterhead, is not signed by any attorney, does not contain any "legal analysis" or the "thoughts or impressions or strategies" of any attorney, does not in any way identify it as being

from an attorney's office as distinguished from some departmental office at Rolls Royce, and simply sets forth factual information (presumably) concerning the record retention policy at Rolls Royce, and pertinent hereto, related to maintaining engine testing records which is directly at issue in this case. That information on the face of the document comes from Douglas Sleeman, a non-attorney whose business card says "Senior Project Engineer Engine Controls"[1], the very declarant whom Rolls Royce is using to claim that the documents are privileged, and the very same declarant whom they relied upon in their MSJ reply to say that the engine testing documents Rolls Royce relied upon to justify the "baseline" changes to the shafting system in 1993 not just no longer exist, but never existed! Hence, it is disputed that these are confidential documents and that they are entitled to work product privilege. They are unlike any of the documents identified in any of the case authority cited by Rolls Royce to this court, all of which on their face gave the receiving attorney notice that they were "work product" documents, not so here. Further, three months have elapsed since this assertion was first raised by Rolls Royce, no motion ensued until now, and this motion is intimately tied to their companion motion which is to quash the deposition notice of Douglas Sleeman. See below.

---

[1] See Exhibit 1 hereto.

**Deposition of Douglas Sleeman**

Plaintiffs timely noticed the deposition of Douglas Sleeman on June 20, 2006 for July 10, 2006. See Exhibit B to the moving papers. Thereafter on June 27, 2006, counsel for Rolls Royce agreed to produce Mr. Sleeman and the Rule 30(b)6 deponent for deposition in writing, just not on July 10, 2006. See paragraph 5 of his June 27, 2006 letter.[2] Now Rolls Royce asks this Court to preclude plaintiff from taking Mr. Sleeman's deposition even though the Court has before it a memorandum based upon Mr. Sleeman's personal knowledge as to the length of time engine testing records are to be kept and his statement that he searched for 50 hours for these records but to no avail. They allege that this Court has disposed of the issue by denial of the undersigned's 56f declaration. Not so. The Court denied a continuance of the MSJ motion based upon the 56f showing, which in any event was unnecessary given the Court's ruling denying in part the MSJ motion.

There are certain rules and regulations of the Federal Aviation Administration that are directly at issue in this case with regard to a Type Certificate holder's responsibilities concerning records and testing that Mr. Sleeman, as a 23 year employee of Rolls Royce, has put directly at issue.

[2] See Exhibit 2 hereto.

Plaintiffs will be requesting at trial a jury instruction that a rebuttable presumption exists that the engine testing documents did exist and that Rolls Royce destroyed them because their contents damn Rolls Royce and their practice of playing Russian Roulette with Russell Holliday's life, and the lives of all helicopter pilots flying Model 250-C20 engines.

Plaintiffs contend that the contents of Mr. Sleeman's MSJ declaration need to be cross examined so the trier of fact can decide if it makes any sense that a man with "23 years" of experience at Rolls Royce would spend "50 hours" looking for engine records and then conclude "It was typical that no formal engine test report would be written for such tests." Plaintiffs are entitled to cross-examine Mr. Sleeman as to the veracity and contents of his declaration. If he spent 50 hours looking for the documents plaintiffs need to find out where he looked. Did he look in all of the "right places" or did he look in all of the "wrong places"? We will only know by cross-examining him to determine if what he alleges he did, he actually did. Our system of justice would be rendered meaningless if only one side of a dispute is entitled to offer evidence and then not have that evidence questioned by the opposing side. Of course Rolls Royce is not going to call Mr. Sleeman at trial, but plaintiffs will, and if he turns out to be unavailable they are entitled to at least be able to read or show his videotaped

deposition to the jury. The "issue has not been put to rest" as Rolls Royce alleges but is now squarely before this Court.

Plaintiffs request that this Court order Rolls Royce to produce Mr. Sleeman and the documents requested in the deposition notice on August 4, 2006, in Indianapolis.

DATED: San Mateo, California, July 21, 2006

/s Terry O'Reilly
TERRY O'REILLY, ESQ.
STEPHEN J. PURTILL, ESQ.
O'REILLY & DANKO

MARK S. DAVIS, Esq.
MICHAEL K. LIVINGSTON

Attorney for Plaintiffs