MARK S. DAVIS 1442
DAVIS LEVIN LIVINGSTON GRANDE
400 Davis Levin Livingston Grande Place
851 Fort Street
Honolulu, HI 96813
Telephone : (808) 524-7500
Facsimile : (808) 545-7802
E-mail : mdavis@davislevin.com

TERRY O'REILLY [Pro Hac Vice]
STEPHEN J. PURTILL [Pro Hac Vice]
O'REILLY & DANKO
1900 O'Farrell Street, Suite 360
San Mateo, CA 94403
Telephone : (650) 358-5901
Facsimile : (650) 358-2575
E-mail : spurtill@oreillylaw.com

IN THE UNITED STATES DISTRICT COURT

DISTRICT OF HAWAII

| | |
|---|---|
| TINA HOLLIDAY, et al.<br><br>Plaintiffs,<br><br>vs.<br><br>EXTEX, et al.,<br><br>Defendants. | Case No.: CV 05-00194 SPK LEK<br>(Airplane Product Liability)<br><br>**HOLLIDAY PLAINTIFFS' SEPARATE AND CONCISE STATEMENT IN OPPOSITION TO MOTION FOR SUMMARY JUDGMENT**<br><br>**Date: September 5, 2006**<br>**Time: 9:00 a.m.**<br>**Judge: Hon. David A. Ezra** |
| TIMOTHY HOLLIDAY, et al.,<br><br>Plaintiffs, | Case No.: CV 05-00299 SPK LEK |

| | |
|---|---|
| vs.<br><br>EXTEX, et al.,<br><br>Defendants. | |
| MARLETTE E. THOMAS, et al.<br><br>Plaintiffs,<br><br>vs.<br><br>K & S HELICOPTERS, INC., et al.<br><br>Defendants. | Case No. CV 05-00319 DAE-LEK |

Pursuant to Local Rule 56.1, the Holliday plaintiffs hereby submit this separate and concise statement of material facts as to which there exists a genuine issue necessary to be litigated.

| **FACTS IN DISPUTE** | **RESPONSES AND SUPPORTING EVIDENCE** |
|---|---|
| A. RESPONSE TO DEFENDANT SUPERIOR AIR PARTS' CONCISE STATEMENT. | The Holliday plaintiffs do not dispute any of the contentions in SAP's Concise Statement, paragraphs 1, 2, 4 and 5. Plaintiffs are without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in paragraph 3. |
| B. MATERIAL FACTS AS TO WHICH THERE EXISTS A GENUINE ISSUE NECESSARY TO BE LITIGATED. | A. SAP reverse engineered the original 250-C20 CAC and sold it as a replacement part. It did this without the benefit of Rolls-Royce plans- instead, it used |

| | |
|---|---|
| | public documents and an actual Rolls-Royce CAC to make its own design to conform as closely as possible to the Rolls-Royce product. EVIDENCE: Shiembob Deposition, pages 10:2-12:14, Exhibit A to O'Reilly Declaration<br><br>B. In 1993 Rolls-Royce redesigned the CAC, and SAP reverse engineered the redesigned CAC in the same way- it made its own design to conform as closely as possible to the Rolls-Royce redesigned CAC. EVIDENCE: Pfaffenberger Deposition, pages 11:3-12:5, Exhibit B to O' Reilly Declaration.<br><br>C. Extex obtained its own FAA approval to make the CAC, but did not change the SAP design in doing so- rather, it simply provided the FAA data that SAP had already supplied.<br><br>EVIDENCE: Pfaffenberger Deposition, p. 37:1-16, 127:2-24, Exhibit B to O'Reilly Declaration. |

DATED: Honolulu, Hawaii, August 17, 2006.

/s/ MARK S. DAVIS

MARK S. DAVIS, Esq.
MICHAEL K. LIVINGSTON
TERRY O'REILLY, ESQ.
STEPHEN J. PURTILL, ESQ.
Attorneys for Plaintiffs