MARK S. DAVIS 1442
DAVIS LEVIN LIVINGSTON GRANDE
400 Davis Levin Livingston Grande Place
851 Fort Street
Honolulu, HI 96813
Telephone : (808) 524-7500
Facsimile : (808) 545-7802
E-mail : mdavis@davislevin.com

TERRY O'REILLY [Pro Hac Vice]
STEPHEN J. PURTILL [Pro Hac Vice]
O'REILLY & DANKO
1900 O'Farrell Street, Suite 360
San Mateo, CA 94403
Telephone : (650) 358-5901
Facsimile : (650) 358-2575
E-mail : spurtill@oreillylaw.com

IN THE UNITED STATES DISTRICT COURT

DISTRICT OF HAWAII

| | |
|---|---|
| TINA HOLLIDAY, et al.<br><br>Plaintiffs,<br><br>vs.<br><br>EXTEX, et al.,<br><br>Defendants. | Case No.: CV 05-00194 SPK LEK<br>(Airplane Product Liability)<br><br>**MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF PLAINTIFFS' MOTION FOR PROTECTIVE ORDER QUASHING DEPOSITIONS OF ZAREMBA AND DORN** |
| TIMOTHY HOLLIDAY, et al., | Case No.: CV 05-00299 SPK LEK |

| | |
|---|---|
| Plaintiffs,<br><br>vs.<br><br>EXTEX, et al.,<br><br>Defendants. | |
| MARLETTE E. THOMAS, et al.<br><br>Plaintiffs,<br><br>vs.<br><br>K & S HELICOPTERS, INC., et al.<br><br>Defendants. | Case No. CV 05-00319 DAE-LEK |

**MEMORANDUM OF POINTS AND AUTHORITIES**

This action arises out of a fatal helicopter crash on June 15, 2003. Plaintiffs' decedent, Russell Holliday, was the pilot of the helicopter and died in the crash. The crash was caused by engine failure, which caused the craft to lose all power.

On August 25, 2005, over a year ago, the Court issued a Rule 16 Scheduling Order setting discovery cut-off at September 8, 2006. As permitted by FRCP 29 the parties agreed to extend the time to take depositions to

September 15, 2006[1]. Plaintiffs then noticed the depositions of their treating physicians for September 14, 2006 in Spokane, Washington to preserve their testimony[2]. At a deposition noticed by Rolls Royce on August 23, 2006, all parties, including Rolls Royce, agreed that plaintiffs Timothy and Darlene Holliday would submit to depositions on September 15, 2006, again in Spokane[3]. Plaintiffs had repeatedly informed Rolls Royce and the other parties that they could not cover two depositions at once- they had only one attorney available for depositions familiar with the case as Terry O'Reilly will be in Europe on his honeymoon. [4]

Despite Rolls Royce's explicit agreement to take plaintiffs' depositions in Spokane, Washington on September 15, 2006, it noticed the depositions of Joseph Zaremba and Calvin Dorn for the same date- September 15, 2006- in Honolulu, Hawaii, over 3000 miles from Spokane[5].

Rolls Royce has known about the existence of both Zaremba and Dorn for over a year and of their relationship to the litigation. Zaremba is a named defendant. Rolls Royce has been discussing taking the depositions of both

---

[1] Purtill Decl. Par. 2
[2] Purtill Decl. Par. 3
[3] Purtill Decl. Par. 4
[4] Purtill Decl. Par. 5
[5] Purtill Decl. Par. 6

Zaremba and Dorn, but never got around to doing so until the very last moment, when the date had already been reserved. [6]

Local Rule 83.3 provides that every attorney practicing before this Court shall observe the standards of professional and ethical conduct required of members of the Hawaii State Bar. The Hawaii State Bar's Guidelines of Professional Courtesy, Section 7 provides that in scheduling depositions an attorney should accommodate opposing counsel's schedules and should not schedule conflicting depositions. See also CD CA "Civility and Professionalism Guidelines", which provides: "We will not use any form of discovery scheduling as a means of harassment. We will consult other counsel regarding scheduling matters in a good faith effort to avoid scheduling conflicts". It is obvious that Rolls Royce failed completely to follow these guidelines here. Rather, it agreed to depositions in Spokane on the 15th, knowing that plaintiffs had only a single attorney to cover all depositions, then set simultaneous depositions in Honolulu. Such tactics are to be deplored and should not be tolerated.

As noted, Rolls Royce could have taken these depositions long ago, and simply chose not to do so until the very last minute. Because the Court set September 8, 2006 as the discovery cut-off long ago, the Court should quash the

---

[6] Purtill Decl. Par. 7

depositions as outside the discovery cut-off unless good cause exists for excusing the delay. Yes, the parties agreed to extend the discovery cut-off to September 15, but that agreement must be considered in light of counsel's duty pursuant to Local Rule 83.3 to observe the standards of professional courtesy imposed on all counsel by the Hawaii State Bar. Because Rolls Royce failed to meet those standards it should not be permitted to take the depositions. Thus, the Court should grant the Motion for Protective Order and quash the depositions of Zaremba and Dorn.

DATED this 8TH day of September, 2006 at San Mateo, California.

/ s / Stephen J. Purtill
STEPHEN J. PURTILL, ESQ.
TERRY O'REILLY, ESQ.
O'REILLY & DANKO

MARK S. DAVIS, Esq.
MICHAEL K. LIVINGSTON
DAVIS LEVIN LIVINGSTON GRANDE
Attorney for Plaintiffs